# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| RICKY BRELAND, | : |
| Plaintiff | : |
| VS. | : |
| Captain JULIUS COX, Sheriff AL WHITTINGTON, Head Nurse MARIA LAW, Lt. LARRY BYRD, and SOUTHERN HEALTH PARTNERS, | : NO. 7:09-CV-59 (HL) |
| Defendants | : **RECOMMENDATION** |

Plaintiff **RICKY BRELAND**, currently an inmate at the Colquitt County Jail ("CCJ"), has filed a lawsuit under 42 U.S.C. § 1983. Plaintiff has supplemented his complaint as directed by this Court in its June 15, 2009 order. Plaintiff's claims against the various named defendants are addressed separately below.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

1

law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'... without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. DISCUSSION

### A. Head Nurse Maria Law

Plaintiff alleges that Head Nurse Maria Law denied plaintiff access to a doctor and prescribed medication that had been "banned" by a physician. According to plaintiff, one of the drugs prescribed by Law caused hallucinations and possibly caused plaintiff to "harm himself." Construing the allegations liberally in favor of plaintiff, as this Court is required to do, the Court cannot determine at this stage that plaintiff's complaint against Head Nurse Maria Law is completely frivolous. Accordingly, plaintiff's claim against Nurse Law will be allowed to go forward.

### B. Nurse Cynthia McKinney

Plaintiff alleges that Nurse Cynthia McKinney initially overlooked plaintiff when he required treatment following an assault by another inmate and subsequently "half treated" plaintiff and released him to the dorms while plaintiff was in pain and dizzy. Plaintiff thereafter collapsed in the shower, hit his head, and was knocked unconscious. Plaintiff was ultimately taken to a hospital where he was diagnosed with a broken nose and a concussion. Again, construing the allegations liberally in favor of plaintiff, the Court will allow plaintiff's claims to go forward against defendant Nurse Cynthia McKinney.

### C. Sheriff Al Whittington and Chief Jailer Julius Cox

Plaintiff alleges that these defendants placed him in a "secluded dangerous area" while plaintiff was suffering from hallucinations. According to plaintiff, he was held naked in sixty degree temperatures for three days. Although it is not clear that the alleged conduct by Whittington and Cox violated the Eighth Amendment, the Court will nevertheless allow this claim to proceed.

### D. Lieutenant Larry Byrd

Plaintiff claims that Lieutenant Larry Byrd opened plaintiff's "legal" mail outside plaintiff's presence on multiple occasions. Construing plaintiff's complaint liberally, again, this Court will allow plaintiff's mail claim to go forward against Lieutenant Byrd.

### E. Southern Health Partners

Plaintiff includes as a defendant the entity "Southern Health Partners," apparently because Southern Health Partners has the medical service contract for the CCJ. A medical provider is liable for damages only if plaintiff can show that the alleged constitutional deprivation occurred as a direct result of its official policies or customs. *See **Buckner v. Toro***, 116 F.3d 450, 452 (11th Cir.1997)

(holding that when a private corporation acts on behalf of a municipality, then that entity should be treated as a municipality). In this instance, plaintiff does not allege that Southern Health Partners had a policy or custom of limiting access to proper medical treatment to prisoners at the CCJ. It is well-established that a "defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." ***Harvey v. Harvey***, 949 F.2d 1127, 1129-30 (11th Cir. 1992). Therefore, Southern Health Partners cannot be held liable for the action or inaction of its employees in this section 1983 action. Accordingly it is **RECOMMENDED** that Southern Health Partners be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with United States District Judge Hugh Lawson within ten (10) days after being served with a copy of this order and recommendation.

### *F. State of Georgia*

State governments are not "persons" who may be sued in an action brought under § 1983. ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989). Consequently, the State of Georgia is not a proper defendant and must be **DISMISSED** from this action. It is so **RECOMMENDED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with United States District Judge Hugh Lawson within ten (10) days after being served a copy of this order.

### *III. CONCLUSION*

In a separate order, the undersigned has directed that plaintiff's lawsuit go forward against defendants Head Nurse Maria Law, Nurse Cynthia McKinney, Sheriff Al Whittington, Chief Jailer

Julius Cox, and Lieutenant Larry Byrd.  The undersigned **RECOMMENDS** that plaintiff's claims against Southern Health Partners and the State of Georgia be **DISMISSED** and that they be **TERMINATED** as defendants herein.

      **SO RECOMMENDED**, this 8th day of July, 2009.


                              */s/ Richard L. Hodge*
                              RICHARD L. HODGE
                              UNITED STATES MAGISTRATE JUDGE